**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

SCOTT ANDREW BECKER,
  *Defendant-Appellant.*

No. 11-30250

D.C. No.
4:05-cr-00085-
SEH-1

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 7, 2012*
Seattle, Washington

Filed June 19, 2012

Before: Ronald M.Gould, Jay S. Bybee, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Gould

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Anthony R. Gallagher, Federal Defenders of Montana, Great Falls, Montana, for the defendant-appellant.

Michael W. Cotter, United States Attorney, Marcia Hurd, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

**OPINION**

GOULD, Circuit Judge:

Scott Andrew Becker ("Becker") pled guilty to knowingly taking or receiving obscene matters from an interactive computer service in violation of 18 U.S.C. § 1462, a crime that does not categorically constitute a "sex offense" as defined by the Sex Offender Registration and Notification Act ("SORNA"). *See* 42 U.S.C. § 16911(5)(A). At the change of plea proceedings, Becker stated, "I believe that I am guilty of the charges and did download child pornography or possess child pornography during the time said." The district court sentenced Becker to a 60-month custodial term followed by a 3-year supervised release term. The district court imposed several conditions of supervised release, including the requirement that Becker complete a sex offender treatment program.

After completing his custodial sentence and beginning supervised release, Becker violated the terms of his supervised release by, *inter alia*, not attending sex offender treatment. Becker then appeared before the same district court judge who had imposed the initial sentence. The district court revoked Becker's supervised release, and, along with imposing a 9-month custodial term followed by a new 27-month supervised release term, ordered Becker to register as a sex offender pursuant to SORNA.[1] Becker now appeals the district court's imposition of this condition.

---

[1] 42 U.S.C. § 16913(a); *see also United States v. Begay*, 622 F.3d 1187, 1191 (9th Cir. 2010) ("SORNA's registration requirements applied immediately and retroactively to all sex offenders regardless of when they were convicted.").

Normally, "[w]e review the district court's imposition of supervised release conditions for abuse of discretion." *United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010). At sentencing, however, Becker, with the assistance of counsel, did not object to the imposition of the SORNA registration condition. Consequently, we review Becker's challenge to that condition for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). Plain error is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotation marks and citations omitted).

Becker argues that the district court committed plain error by not making findings of fact that he was a sex offender under SORNA and by not otherwise articulating its reasons for imposing the SORNA registration requirement. We disagree.

**[1]** We have previously applied a modified categorical approach to classify an underlying offense as a sex offense under SORNA for the purpose of determining whether SORNA registration was required. *See United States v. Mi Kyung Byun*, 539 F.3d 982, 990-94 (9th Cir. 2008) (concluding "that Congress contemplated a non-categorical approach as to the age of the victim in determining whether a particular conviction is for a 'specified offense against a minor,' " and that "the underlying facts of a defendant's offense are pertinent in determining whether she has committed a 'specified offense against a minor' and is thus a sex offender").[2] Here,

---

[2]In *Mi Kyung Byun*, we relied on the appellant's admissions in a plea agreement about the underlying facts of her offense conduct to conclude that her crime was a sex offense under SORNA, even though she pled guilty to an offense that is not categorically a sex offense under SORNA. *Id.* at 994.

Becker's admissions made at his change of plea proceedings establish that Becker's crime was a "sex offense" as defined by SORNA. *See* 42 U.S.C. § 16911(5)(A)(ii) (a "specified offense against a minor" is a sex offense under SORNA), (7)(G) (possession, production or distribution of child pornography is a specified offense against a minor); *see United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (noting that we may rely on a plea colloquy in conducting modified categorical analysis). Because Becker is a sex offender under SORNA, the district court was required to impose the registration condition. *See* 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under [SORNA] that the person comply with the requirements of that Act.").

**[2]** Even if the district court were not required to impose SORNA registration as a mandatory condition of supervised release, the district court did not commit plain error by imposing registration as a discretionary condition. *See id.* (authorizing the district court to impose "any other [reasonable] condition it considers to be appropriate"). We have said that "the district court 'need not state at sentencing the reasons for imposing each condition of supervised release, if it is apparent from the record.' " *United States v. Rudd*, 662 F.3d 1257, 1261-62 (9th Cir. 2011) (quoting *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010), emphasis omitted). We conclude that it is apparent from the record here that the registration condition was reasonable. Becker has not met his burden of proving the contrary. Moreover, the imposition of the SORNA registration condition does not impair the fairness, integrity or reputation of the court, and so we will not exercise discretion to relieve Becker of this condition.

**AFFIRMED.**