**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

GERALD LYNN BAINBRIDGE,
*Defendant-Appellant*.

No. 13-30017

D.C. No.
3:05-cr-00101-EJL-2

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted
December 4, 2013—Seattle, Washington

Filed March 6, 2014

Before: Sandra Day O'Connor, Associate Justice (Ret.),[*]
and Richard C. Tallman and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

[*] The Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the Supreme Court of the United States, sitting by designation.

## SUMMARY[**]

---

### Criminal Law

The panel affirmed the district court's order modifying the conditions of the defendant's supervised release to require the defendant, who had completed his prison term for Assault with Intent to Kidnap, to undergo a sexual deviancy evaluation to determine whether additional supervised release conditions were necessary.

The panel held that a district court can modify a defendant's conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2) even absent a showing of changed circumstances, and that the district court did not abuse its discretion by requiring a sexual deviancy evaluation for a crime that did not constitute a "sex offense." The panel explained that given the nature of the offense admitted to in the plea agreement, the district court did not abuse its discretion when it concluded that a sexual deviancy evaluation was reasonably related to the sentencing purposes of deterrence, protection of society, as well as any treatment that should be provided to the defendant.

---

### COUNSEL

Matthew Campbell, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Wendy Olson, United States Attorney, Michael Mitchell, Assistant United States Attorney, Coeur d'Alene, Idaho; Syrena Hargrove, Assistant United States Attorney, Boise, Idaho for Plaintiff-Appellee.

**OPINION**

BEA, Circuit Judge:

This case presents two questions: can a district court impose a sexual deviancy evaluation as a condition of supervised release when deviant sexual conduct was not an element of the underlying crime of conviction? If so, is it essential the Government prove a change in circumstances since the original supervised release conditions were imposed, to justify such an additional condition?

We hold that in the circumstances of this case, the sexual deviancy evaluation can be so imposed, without proof of a change in such circumstances.

Defendant Gerald Lynn Bainbridge ("Bainbridge") pleaded guilty to one count of Assault with Intent to Kidnap. The district court sentenced Bainbridge to 97 months in jail, followed by three years of supervised release. After Bainbridge served his prison term, his Probation Officer petitioned the district court to modify the conditions of his supervised release. The government then filed a motion to require Bainbridge to undergo a sexual deviancy evaluation to determine whether the other additional conditions of supervised release requested by the Probation Officer were necessary. The district court granted the government's motion. Bainbridge appealed, claiming the district court did

not have jurisdiction to modify the conditions of his supervised release absent a change in circumstances and that, assuming the district court had jurisdiction, the modification was nonetheless unreasonable. We AFFIRM.

## Background

On February 21, 2006, Bainbridge pleaded guilty to an Information charging him with Assault with Intent to Kidnap. In the plea agreement, Bainbridge admitted that he and his co-defendant had been driving a motor home in Lapwai, Idaho and offered a ride to a disabled female who was walking on the side of the road. Bainbridge further admitted that after the female entered the motor home, she:

> was shoved onto a bed, her hands were bound behind her back with duct tape, . . . [and Bainbridge] drove the motor home away. . . . [Bainbridge's co-defendant] repeatedly raped [the woman] . . . . [Bainbridge then] pulled the motor home over and also engaged in sexual acts with her. This included oral/genital, genital/genital and anal/genital sexual acts. . . . [Bainbridge] takes the position that he did not understand it was against her will at the time, however, understanding all the facts and circumstances, [he] now understands and accepts that these sexual acts were done without [the victim's] voluntary consent.

The government and Bainbridge agreed to a recommended sentence of 97 months. On May 8, 2006, the district court sentenced Bainbridge to 97 months imprisonment followed by three years of supervised release.

The district court also imposed a special condition of supervised release: that Bainbridge register as a sex offender. The district court stated that it was:

> not going to at this point incorporate any of those other sex offender [conditions] that would normally be encompassed. If the Probation department feels that is something that needs to be addressed at a later time, they can move the Court for a modification. But at this time it is just the sex offender [registration] laws that you are going to have to comply with.

After Bainbridge served his prison term and began his term of supervised release, Bainbridge's Probation Officer filed a petition with the district court to modify Bainbridge's conditions of supervised release. In particular, the petition requested that the district court add the following conditions: (1) that Bainbridge "participate . . . in an evaluation for sexual deviancy by a qualified mental health professional," at which evaluation Bainbridge "agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office"; (2) that Bainbridge "successfully complete any course of treatment related to his offense, as directed by the probation officer"; (3) that Bainbridge "participate in polygraph testing . . . to monitor his compliance with treatment conditions and supervised release"; and (4) that Bainbridge minimize his contact with minor children. Bainbridge opposed this petition, and the government subsequently filed a motion requesting that the district court require Bainbridge to participate in a sexual deviancy evaluation so that the district court "will be in a better position to evaluate whether [the

other] additional conditions of supervised release are necessary."

On January 23, 2013, the district court granted the government's motion for a sexual deviancy evaluation in a sealed order.[1]  *United States v. Bainbridge*, No. 3:05-CR-00101 (D. Idaho Jan. 23, 2013).  "Given the nature of the underlying facts admitted to in the Plea Agreement," the district court found "it is reasonably related and necessary to [the statutory sentencing purposes of deterrence, protection of society, and treatment of the defendant] to order [Bainbridge] to participate in a sexual deviancy evaluation in order to determine whether the proposed modified conditions should be imposed in this case."  *Id.*  The next day, Bainbridge timely filed a notice of appeal.

## Standard of Review

Whether a district court has authority to modify supervised release conditions is a question of law reviewed de novo.  *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000).  This court reviews a district court's imposition of particular supervised release conditions for abuse of discretion.  *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010).

---

[1] Because the district court granted the government's motion in a sealed order, this opinion contains only content which has been made public through non-sealed documents filed in the district court, or through the parties' non-sealed briefs or excerpts of records on appeal.

## Analysis

**A. Jurisdiction to modify the conditions of supervised release**

18 U.S.C. § 3583(e) provides:

> The [sentencing court] may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[2] . . . (2) . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]

The applicable Federal Rule of Criminal Procedure, Rule 32.1(c), provides in part:

---

[2] These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (4) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (5) "the applicable guidelines or policy statements issued by the Sentencing Commission"; (6) "any pertinent policy statement . . . issued by the Sentencing Commission"; (7) "the need to avoid unwarranted sentence disparities"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C.§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

> Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

Bainbridge argues that absent a "change in circumstances," the district court lacked jurisdiction to modify the conditions of his supervised release. To support this argument, Bainbridge cites an advisory committee note to Rule 32.1, which states that "[p]robation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation." FED. R. CRIM. P. 32.1, advisory committee's note to 1979 addition. Bainbridge also cites two Ninth Circuit cases, *United States v. Gross* and *United States v. Miller*, for the proposition that § 3583(e) allows a sentencing court to modify the conditions of supervised release in response to a change in a defendant's circumstances. 307 F.3d 1043, 1044 (9th Cir. 2002); 205 F.3d 1098, 1101 (9th Cir. 2000). However, Bainbridge goes further and argues that these authorities permit a district court to modify a probationer's conditions of supervised release *only* when (1) there exist "changed circumstances" or (2) new ideas and methods of rehabilitation arise. Because there have been no changes in Bainbridge's circumstances from his initial sentencing, and because the government does not suggest that new ideas and methods of rehabilitation motivated the district court's action, Bainbridge contends that the district court did not have jurisdiction to modify the terms of his supervised release.

This argument fails because the authorities cited by Bainbridge do not limit the district court's ability to modify conditions of supervised release to situations in which there is a change in circumstances or where new ideas and methods of rehabilitation arise. The advisory committee's note to FED. R. CRIM. P. 32.1 cited by Bainbridge provides no support for his argument. First, while an advisory committee's note is given "weight" in interpreting the Federal Rules of Criminal Procedure, *see United States v. Petri*, 731 F.3d 833, 839 (9th Cir. 2013) (stating that "'the construction given by the Committee [in the advisory committee's notes to the Federal Rules of Criminal Procedure] is 'of weight'" and may be used to "clarify any ambiguity") (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986)), an advisory committee's note is *not* part of the Rule itself. *See Introductory Statement by Advisory Committee on Rules of Criminal Procedure*, Notes to the Rules of Criminal Procedure for the District Courts of the United States, 4 F.R.D. 405 (1944) ("The Notes are not to be regarded as a part of the Rules. They have been prepared without supervision or revision by the Supreme Court, and are not approved or sponsored by the Court. They have no official sanction and are intended merely as suggestions and guides."). As a result, an advisory committee's note does not have the force of law. *See Moody Nat. Bank of Galveston v. GE Life and Annuity Assurance Co.*, 383 F.3d 249, 253 (5th Cir. 2004) (holding that advisory committee notes to the Federal Rules of Appellate Procedure "do not have the force of law"); *Clark v. Long*, 255 F.3d 555, 559 (8th Cir. 2001) (holding the same with respect to the Federal Rules of Civil Procedure); *United States v. Sandini*, 816 F.2d 869, 875 n.7 (3d Cir. 1987) (stating the same with respect to the Federal Rules of Criminal Procedure). Moreover, Bainbridge does not cite any authority for the proposition that an advisory committee's note may be used to read an additional

requirement into a Rule. Absent such authority, we decline to do so, especially where the Rule itself in no way suggests that such a requirement exists. *Cf. Tome v. United States*, 513 U.S. 150, 168 (1995) (Scalia, J., dissenting) ("[T]he [advisory committee's] Notes [to the Federal Rules of Evidence] cannot, by some power inherent in the draftsmen, change the meaning that the Rules would otherwise bear.").

Second, the advisory committee's note itself, even if it had the force of law, does not compel the conclusion that a change in circumstances is a necessary, as opposed to a sufficient, reason to give a district court authority to modify conditions of supervised release. The mention of one (changed circumstances) or two (new ideas and methods of rehabilitation) situations in which a statute may be invoked does not require the interpretation that one or the other are essential to permit modification of the conditions of supervised release, or are the exclusive bases thereof. In particular, the advisory committee's note to Rule 32.1 is not subject to the negative implication canon (*expressio unius est exclusio alterius*) because that canon can be applied "only when the *unius* [changed circumstances or new ideas and methods of rehabilitation] . . . can reasonably be thought to be an expression of *all* that shares in the grant [supervised release conditions are subject to modification] . . . involved." Justice Antonin Scalia and Bryan A. Garner, *Reading Law*, 107 (2012); *see also*, *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002) (citing E. Crawford, Construction of Statutes 337 (1940) for the proposition that "*expressio unius* properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference") (internal quotation marks omitted). Nothing in the advisory

committee's note suggests a limitation on the reasons for modification to the two possibilities that the note mentions. Therefore, the negative implication canon does not apply here. Indeed, the canon is particularly inapplicable here because district courts have broad discretion to modify conditions of supervised release. *See Miller*, 205 F.3d at 1100 (stating that "the plain language of [18 U.S.C. § 3583(e)(2)] indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release"); *Gross*, 307 F.3d at 1044 (explaining that the district court has "broad authority to approve modification of the conditions" of supervised release).

Likewise, both *Miller* and *Gross* stand for the proposition that a change in circumstances may serve as a *sufficient* basis upon which a district court may modify the conditions of supervised release. However, neither *Miller* nor *Gross* suggest that a change in circumstances is *necessary* for a district court to modify such conditions. *See United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012) ("Neither the Ninth [Circuit in *United States v. Miller*] nor the Second Circuit [in *United States v. Lussier*,[3] 104 F.3d 32 (2d Cir. 1997)] has

---

[3] Contrary to Bainbridge's assertion, the Second Circuit's decision in *United States v. Lussier* does not suggest that changed circumstances are a prerequisite to modify conditions of supervised release. 104 F.3d 32 (2d Cir. 1997). In *Lussier*, the Second Circuit did not confront the issue before this Court: namely, whether changed circumstances are required before a district court may modify conditions of supervised release. Rather, the *Lussier* court held simply that "the illegality of a condition of supervised release is not a proper ground for modification under [18 U.S.C. § 3583(e)(2)]." *Id.* at 34. The defendant in *Lussier* was convicted in federal court of various banking crimes and was required to pay restitution as a condition of his supervised release. *Id.* at 33. He appealed his conviction and sentence, but did not challenge the restitution order. *Id.* After the Second Circuit affirmed the conviction and sentence,

gone so far as to describe a showing of new or unforeseen circumstances as necessary or a prerequisite to modification. Thus, we might say that these courts have merely described conditions that are sufficient, but not necessary, to justify modification.").[4]

the defendant filed a motion with the district court to rescind the restitution order under 18 U.S.C. § 3583(e)(2), arguing that the district court should modify that condition of his supervised release because it was "illegal." *Id.* The district court "concluded that it lacked the authority under subsection 3583(e)(2) . . . to modify the restitution order on the ground of illegality." *Id.* at 34. The Second Circuit affirmed.

While the *Lussier* court did broadly discuss the circumstances pursuant to § 3583(e)(2) under which modification of supervised release conditions is permissible and did state that "new circumstances may arise that require a longer term or harsher conditions of supervised release," nothing in that decision supports Bainbridge's claim that changed circumstances are *required* prior to the modification of supervised release conditions. *Id.* at 36. Indeed, the *Lussier* court went on to state that the district court could not modify the defendant's conditions of supervised release under § 3583(e)(2) because the defendant's challenge did "not involve changed circumstances *or* affect in any way general punishment aims such as deterrence, rehabilitation, and proportionality." *Id.* at 36 (emphasis added). The *Lussier* court's use of the disjunctive strongly suggests that it believed that changed circumstances were a sufficient, but not necessary, justification for modification of the conditions of supervised release. It also suggests that "deterrence" and "rehabilitation" were separate grounds for modification. Given Bainbridge's actions as set forth in the plea agreement, *ante* at 4, those grounds would support the additional supervised release condition.

[4] The *Murray* court also noted that "the statute that permits modification of supervised release conditions, 18 U.S.C. § 3583(e)(2), makes no mention of any new or changed circumstances requirement—an omission which leads us to doubt that such a requirement exists." 692 F.3d at 279. "Nevertheless," the court determined that it "need not resolve [any apparent] circuit split today" because the government had shown changed circumstances. *Id.*

Rather, the question whether a change in circumstances is required for a district court to modify conditions of supervised release appears to be an issue of first impression in the Ninth Circuit.[5] While the Ninth Circuit in *Miller* stated that "the plain language of [18 U.S.C. § 3583(e)(2)] indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release," that decision did not address whether modification of supervised release conditions was permissible absent changed circumstances. 205 F.3d at 1100. Still, at least two other Circuits have ruled that a change in circumstances is not required for a district

---

[5] Contrary to the government's implication in its Answering Brief, our decision in *United States v. King* did not determine whether a change in circumstances is required for a district court to modify conditions of supervised release. 608 F.3d 1122 (9th Cir. 2010). King was convicted of possessing cocaine with the intent to distribute and sentenced to a prison term to be followed by supervised release. *Id.* at 1124. Once King finished his prison term and began to serve his term of supervised release, King's probation officer moved the district court to modify King's conditions of supervised release, alleging that King had committed seven violations of his initial conditions of supervised release. *Id.* At a preliminary revocation hearing, "King's probation officer asked the district court to modify King's supervised release conditions until the full revocation hearing." *Id.* The district court refashioned the probation officer's suggested temporary modification, and King did not object. *Id.* at 1125–26. On appeal, King argued, *inter alia*, that "the district court violated his due process rights at the initial revocation hearing when it modified his supervised release conditions pending the full revocation hearing." *Id.* at 1130. This Court rejected King's claim, noting first that "King did not object to the refashioned condition" at the preliminary revocation hearing. *Id.* The panel went on to reject King's argument based on Federal Rule of Criminal Procedure 32.1(c), noting that rule "does not require an evidentiary hearing or a violation finding." *Id.* However, the panel did not address whether 18 U.S.C. § 3583(e)(2) itself, or the advisory committee notes accompanying Rule 32.1(c), required a finding of changed circumstances before a district court could modify a defendant's supervised release conditions.

court to modify conditions of supervised release: the Eighth Circuit in *United States v. Davies*, 380 F.3d 329 (8th Cir. 2004); and the Tenth Circuit in *United States v. Begay*, 631 F.3d 1168 (10th Cir. 2011).[6]

In so ruling, the *Begay* court emphasized that:

> By its terms, [§ 3583(e)(2)] does not require a district court to make particular findings—such as a finding of changed circumstances—prior to modifying the terms of supervised release.    In contrast, subsections (e)(1) [termination of supervised release] and (e)(3) [revocation of supervised release] do require more specific determinations.    Pursuant to subsection (e)(1), a district court may terminate a term of supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . ."  Pursuant to subsection (e)(3), a district court may revoke a term of supervised release only "if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release. . . ."

631 F.3d at 1171–72.  We find this reasoning persuasive and agree with the *Begay* court that a "changed circumstances" requirement should not be read into § 3583(e)(2).

---

[6] "Absent some good reason to do so, we are disinclined to create a direct conflict with another circuit." *United States v. Larm*, 824 F.2d 780, 784 (9th Cir. 1987).

Indeed, "[t]he only statutory requirements for modification [under § 3583(e)(2)] are that the district court consider the listed § 3553(a) factors, follow the procedure outlined in FED. R. CRIM. P. 32.1 [which requires a hearing and provides for the right to counsel], and ensure that the modified conditions are consistent with the requirements applicable to all conditions of supervised release." *Id.* at 1172.[7] Moreover, § 3583(e)(2) permits a district court to modify the conditions of supervised release "*at any time* prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2) (emphasis added).

We therefore agree with the Eighth and Tenth Circuits and hold that a district court can modify a defendant's conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2) even absent a showing of changed circumstances. Although it may be "inefficient to omit important conditions and later, upon further reflection, petition the court to incorporate such conditions, the relevant

---

[7] The *Begay* court also rejected Begay's argument that § 3582(e)(2) "must be read in light of . . . well-entrenched interests in the finality of judgments," concluding that:

> As regards the imposition of conditions of supervised release, it is arguable that a district court is in a more informed position to evaluate a defendant's conditions of release immediately prior to a defendant's release rather than at the time of sentencing. . . . A policy favoring finality does not require us to read a changed circumstances requirement into 18 U.S.C. § 3583(e)(2)."

631 F.3d at 1173. We agree with the *Begay* court in this respect.

statutes and rules do not prohibit such practice." *Davies*, 380 F.3d at 332.**[8]**

---

**[8]** Bainbridge also argues that the law of the case doctrine precludes the district court from modifying the terms of his supervised release. While the law of the case doctrine does require lower courts to "follow the mandate of a higher court after remand on appeal, . . . when the law of the case doctrine is applied by a court to its own prior decisions [as Bainbridge argues here] . . . the doctrine is properly characterized as discretionary in nature." 18 Moore's Federal Practice, § 134.21 (3d ed. 1997). Indeed, this Court has stated:

> the effect of the doctrine is not dispositive, particularly when a court is reconsidering its own judgment, for the law of the case directs a court's discretion, it does not limit the tribunal's power. In other words, there is nothing in the Constitution of the United States to require [invocation of the doctrine], or to prevent a [court] from allowing a past action to be modified while a case remains in court.

*Gonzalez v. Arizona*, 624 F.3d 1162, 1186 (9th Cir. 2010) (quotation marks and citations omitted). Here, when the district court sentenced Bainbridge, it stated: "If the Probation department feels that [additional conditions are] something that needs to be addressed at a later time, they can move the Court for a modification." In such circumstances, we conclude that the law of the case doctrine does not bar the district court from reconsidering the conditions of Bainbridge's supervised release.

Likewise, Bainbridge's argument that the government waived its ability to request modifications to his supervised release conditions fails because he cites no authority on point. Moreover, the plain language of 18 U.S.C. § 3583(e)(2) states that a district court may modify . . . the conditions of supervised release, *at any time prior to the expiration or termination of the term of supervised release*." (emphasis added). We therefore find that the government did not waive its ability to request a modification of the conditions of Bainbridge's supervised release.

**B. The district court's order modifying the conditions of supervised release does not constitute error.**

Bainbridge next argues that the district court abused its discretion when it modified the conditions of his supervised release.  Under 18 U.S.C. § 3583(e)(2), the district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" provided that the district court: (1) "consider[s] the factors in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"; (2) abides by the provisions of FED. R. CRIM. P. 32.1(c), which require a hearing and provide for the right to counsel; and (3) follows "the provisions applicable to the initial setting of the terms and conditions of post-release supervision."  18 U.S.C. § 3583(e)(2); *Begay*, 631 F.3d at 1171.  With respect to this last requirement, 18 U.S.C. § 3583(d), which governs the initial setting of the conditions of supervised release, permits such conditions if they: (1) "are reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)";[9] (2) "involve[] no greater deprivation of liberty than is reasonably necessary to achieve" the goals of deterrence, protection of the public, and defendant rehabilitation; and (3) are "consistent with any pertinent policy statements issued by the Sentencing Commission."  18 U.S.C. § 3583(d); *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).

---

[9] As noted above, 18 U.S.C. § 3583(e)(2) requires district courts to consider these four factors in addition to four additional factors when determining whether to modify conditions of supervised release.

A "condition of supervised release does not have to be related to the offense of conviction because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant." *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010). Moreover, "the district court [generally][10] need not state at sentencing the reasons for imposing each condition of supervised release, if it is apparent from the record." *United States v. Becker*, 682 F.3d 1210, 1213 (9th Cir. 2012) (citing *United States v. Rudd*, 662 F.3d 1257, 1261–62 (9th Cir. 2011)) (internal quotation marks omitted).

The only modification at issue in this appeal is the district court's order that Bainbridge participate in a sexual deviancy evaluation "in order for the Court to properly determine whether the [additional] proposed conditions are appropriate to impose." *Bainbridge*, slip op. at 4. Bainbridge argues that, assuming the district court had jurisdiction to modify the conditions, the modification granted was nonetheless unreasonable. However, Bainbridge cites no authority for the proposition that the district court abused its discretion by ordering the sexual deviancy evaluation. Instead, Bainbridge recites the requirements for modifications of supervised release terms under 18 U.S.C. § 3583(e)(2), as discussed above, and conclusorily states that:

---

[10] As we stated in *Wolf Child*, "there is an exception [to this general rule] for conditions of supervised release that implicate a 'particularly significant liberty interest.'" 699 F.3d at 1090. In such cases, "the district court must support its decision to impose the condition on the record with record evidence that the condition of supervised release sought to be imposed is *necessary* to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1) and involves no greater deprivation of liberty than is reasonably necessary." *Id.* (internal quotation marks omitted).

> There was no basis for concluding that the condition was necessary. Rather, it appears that the government was on a fishing expedition based on speculation. In other words, the government was guessing that something might come from the evaluation, which would then provide a basis for modifying the conditions.

Bainbridge also argues that:

> The Sentencing Commission's policy statements suggest that a Court consider "treatment and monitoring of sex offenders" only when "the instant offense of conviction is a sex offense." U.S.S.G. § 5D1.3(d)(7). Mr. Bainbridge was in fact convicted of assault with intent to kidnap. While the facts certainly indicated sexual misconduct, the parties elected to proceed on a non-sex offense charge, and the District Court elected not to apply these conditions at sentencing.

However, U.S.S.G. § 5D1.3(d) provides that "[t]he following 'special' conditions of supervised release are recommended in the circumstances described *and, in addition, may otherwise be appropriate in particular cases.*" (emphasis added). Moreover, as noted above, a "condition of supervised release does not have to be related to the offense of conviction because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant." *Blinkinsop*, 606 F.3d at 1119. Therefore, the district court did not abuse its discretion merely by requiring a sexual deviancy

evaluation for a crime that did not constitute a "sex offense."[11]

To the contrary, the record shows that the district court properly followed the requirements of 18 U.S.C. § 3583(e)(2) in modifying Bainbridge's conditions of supervised release to include the requirement that Bainbridge submit to a sexual deviancy evaluation.    In particular, the district court considered "the nature and circumstances of the offense" (§ 3553(a)(1)), the need for deterrence (§ 3553(a)(2)(B)), the need to protect the public (§ 3553(a)(2)(C)), and the need to provide the defendant with the most effective treatment (§ 3553(a)(2)(D)) when it stated:

> The facts admitted to in the Plea Agreement involve the Defendant having engaged in a violent assault upon the victim.    At the

---

[11] In his Reply Brief, Bainbridge argues that "the condition [requiring him to undergo a psychosexual evaluation] involves a particularly significant liberty interest."  As such, he suggests that the condition should be subject to the heightened standard of review required of other conditions which affect "significant liberty interests."    However, Bainbridge has waived this argument because he did not raise it in his Opening Brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Moreover, the Ninth Circuit has "conclude[d] that Abel testing [a form of psychosexual evaluation which involves showing subjects a series of slides and monitoring the amount of time they attend to each slide] does not implicate a particularly significant liberty interest, and thus does not require the district court to make [] heightened findings." *United States v. Stoterau*, 524 F.3d 988, 1006 (9th Cir. 2008); *see also United States v. Daniels*, 541 F.3d 915, 926 (9th Cir. 2008).  Because Bainbridge has not presented any authority which would compel this Court to determine that requiring a sexual deviancy evaluation implicates a "significant liberty interest," and we have likewise found no such authority, we decline to do so here.

sentencing the Court recognized several times its concern regarding the risk the Defendant posed to society given the seriousness of the offense. . . . The Court finds such evaluation of the Defendant is proper here because such a condition is reasonably related, necessary, and appropriate to the statutory sentencing purposes given the violent sexual abuse that occurred in this case.   In particular, the evaluation is reasonably related to the sentencing purposes of deterrence, protection of society, as well as any treatment that should be provided to the Defendant.

*Bainbridge*, slip op. at 4–5 (citations omitted).

Given the nature of the offense admitted to in the plea agreement, the district court did not abuse its discretion when it concluded that a sexual deviancy evaluation was "reasonably related to the sentencing purposes of deterrence, protection of society, as well as any treatment that should be provided to the Defendant." *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009).  In particular, the sexual deviancy evaluation may reveal that certain types of therapy or treatment are necessary—and should be required per the Probation Officer's second requested condition of supervised release—to prevent future sexual assaults of the kind involved in Bainbridge's crime of conviction.  Moreover, Bainbridge cites no authority that would suggest that requiring a sexual deviancy evaluation in these circumstances would involve a "greater deprivation of liberty than is reasonably necessary to achieve" those goals.  18 U.S.C. § 3583(d).  Indeed, the district court noted that "in order for the Court to properly determine whether the proposed

conditions [other than the sexual deviancy evaluation] are appropriate to impose in this case, the requested sexual evaluation is necessary." In this way, the district court appears to have ordered the sexual deviancy evaluation, in part, to protect Bainbridge's liberty interests by making sure that further conditions were necessary before ordering them. Finally, Bainbridge does not suggest any pertinent policy statements issued by the Sentencing Commission which would support his contention that such a sexual deviancy evaluation was not warranted in the present circumstances.

Therefore, the district court did not abuse its discretion when it ordered Bainbridge to undergo a sexual deviancy evaluation to determine whether additional supervised release conditions were necessary.

### Conclusion

For the foregoing reasons, we conclude that the district court had jurisdiction to modify Bainbridge's conditions of supervised release, despite the lack of changed circumstances. We also find that the district court did not abuse its discretion by requiring Bainbridge to undergo a sexual deviancy evaluation as a condition of his supervised release. Therefore, we **AFFIRM** the district court's order.