**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH NEWBILL,

Defendant - Appellant.

No. 13-30365

D.C. No. 2:13-cr-00300-RSM-1

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted December 9, 2014
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Joseph Newbill challenges the sufficiency of the evidence underlying the

district court's determination that Newbill violated the terms of his supervised

release by committing indecent exposure. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Like the district court, we decline to consider the hearsay testimony presented at the revocation hearing. However, we conclude that the admissible evidence of Newbill's statements to investigators and his demeanor during questioning support the district court's conclusion that he "intentionally ma[de] an[] open and obscene exposure of his . . . person . . . knowing that such conduct [was] likely to cause reasonable affront or alarm." Wash. Rev. Code § 9A.88.010(1) (2014). "[V]iewing the evidence in the light most favorable to the government," we conclude that a "rational trier of fact could have found the essential elements of a violation [of supervised release] by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (quoting *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007)) (internal quotation marks omitted).

Even if the district court had erred in its conclusion that Newbill committed indecent exposure, any error would have been harmless. Newbill admitted to three additional Grade C violations of the terms of his supervised release. Given Newbill's criminal history, the Sentencing Guidelines recommended a term of imprisonment of five to eleven months and an additional term of supervised release regardless of whether the district court found three or four Grade C violations. *See* U.S.S.G. §§ 7B1.3(g)(2), 7B1.4(a); *see also United States v. Wing*, 682 F.3d 861, 871 (9th Cir. 2012) ("[V]iolations of conditions of a term of supervised release are

not individually punished.").  Newbill's inappropriate conduct during the term of his supervised release justified the district court's decision to require a psychosexual evaluation.  Contrary to Newbill's suggestion, a psychosexual evaluation does not "implicate a particularly significant liberty interest" such that the district court was required to make "heightened findings" before imposing it. *United States v. Bainbridge*, 746 F.3d 943, 952 n.11 (9th Cir. 2014) (quoting *United States v. Stoterau*, 524 F.3d 988, 1006 (9th Cir. 2008)).

AFFIRMED.