**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30027 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-05369-RBL |
| v. | |
| EMIEL A. KANDI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Emiel Kandi appeals pro se from the district court's order denying his

motion to modify a condition of his supervised release under 18 U.S.C.

§ 3583(e)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether a district court had authority to modify a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

supervised release condition under section 3583(e), *see United States v. Bainbridge*, 746 F.3d 943, 946 (9th Cir. 2014), but, overall, review of the denial of such a motion is for abuse of discretion, *see United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). We may affirm the "district court on any ground supported by the record." *United States v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017) (internal quotations omitted).

Kandi's arguments in the motion are not cognizable in a section 3583(e)(2) proceeding because they challenge the legality of a condition of supervised release. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *see also* 18 U.S.C. § 3583(e) (listing the considerations for modifying conditions of supervised release). The district court did not abuse its discretion by denying the motion before it received Kandi's reply because the reply only repeated the unavailing illegality arguments raised in the motion. Thus, denying the motion before receiving the reply did not affect Kandi's substantial rights. *See All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013).

**AFFIRMED.**

18-30027