**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10436 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00023-MCE |
| v. | |
| TROY L. CARDOSO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Troy L. Cardoso appeals from the district court's denial of his motion to modify a condition of his supervised release under 18 U.S.C. § 3583(e)(2). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Bainbridge*, 746 F.3d 943, 946 (9th Cir. 2014), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cardoso argues that the special condition of his supervised release that prohibits him from possessing or using, without his probation officer's approval, any device that has access to any online computer service, is overbroad as applied to him. This argument fails because the condition "allows for approval of appropriate online access by the Probation Office," and therefore does not operate as an overly broad ban on Internet access. *See United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003). Contrary to Cardoso's claim, the fact that his probation officer denied his first and only request for access does not change this conclusion. The district court's denial of Cardoso's motion to modify this condition was warranted under the totality of the circumstances, including the nature and circumstances of the underlying offense, the need to protect the public and provide deterrence, and Cardoso's repeated violations of the conditions of his supervised release, including the condition at issue in the instant appeal. *See* 18 U.S.C. § 3583(e); *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005).

**AFFIRMED.**