**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10120 |
| Plaintiff-Appellee, | D.C. No. 1:02-cr-00133-HG-BMK-1 |
| v. | |
| ROYAL LAMARR HARDY, AKA Royale LaMarr Sounet, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 11, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant-Appellant Royal Lamarr Hardy appeals the district court's imposition of special conditions of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

1.    We review for abuse of discretion the imposition of the special condition regarding Hardy's employment at Mana Medical Clinic (No. 19). *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). Pursuant to 18 U.S.C. § 3583(e)(2), the district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" provided that the district court: (1) considers the listed § 3553(a) factors; (2) abides by the relevant provisions of the Federal Rules of Criminal Procedure; and (3) follows "the provisions applicable to the initial setting of the terms and conditions of post-release supervision." With respect to this last requirement, initial conditions must: (1) be "reasonably related" to the listed § 3553(a) factors; (2) "involve[ ] no greater deprivation of liberty than is reasonably necessary to achieve" the goals of deterrence, protection of the public, and defendant rehabilitation; and (3) be "consistent with any pertinent policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3583(d); *see United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014). The district court properly followed the requirements of 18 U.S.C. § 3583(e)(2) in modifying

2

Hardy's conditions of supervised release to include the requirement that Hardy "not be employed by or with Mana Medical Clinic." Contrary to Hardy's assertions, the district court did not abuse its discretion in determining that Special Condition No. 19 involved no greater deprivation of liberty than necessary to achieve the goals of deterrence, protection of the public, and rehabilitation.

Hardy also contends that the district court committed procedural error because: (1) the court relied on testimony from a probation officer who was not under oath; and (2) there was no relation between the condition imposed and Hardy's supervised release violations. But the district court need not adhere to stringent procedural requirements when imposing new conditions. *Compare* Fed. R. Crim. P. 32.1(c) *with* Fed. R. Crim. P. 32.1(b); *see, e.g.*, *United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010) (holding that the imposition of new conditions does not require an evidentiary hearing or a violation finding). Further, supervised release conditions need not relate to specific violations or even to the offense of the conviction as long as the conditions are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender. *See Bainbridge*, 746 F.3d at 952; *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015). The district court properly relied on evidence in the record and did not abuse its discretion in imposing Special Condition No. 19.

3

2.     Because Hardy failed to object to the imposition of the remaining supervised release conditions that he now challenges on appeal (Nos. 11, 12, 14, 17, and 18), our review is limited to plain error. *See Wolf Child*, 699 F.3d at 1089. "[T]he district court [generally] need not state at sentencing the reasons for imposing each condition of supervised release, if it is apparent from the record." *Bainbridge*, 746 F.3d at 951 (second alteration in original) (footnote omitted) (quoting *United States v. Becker*, 682 F.3d 1210, 1213 (9th Cir. 2012)). There is ample evidence in the record that these employment-related conditions were no greater than necessary to achieve the goals of deterrence, protection of the public, and rehabilitation, particularly given Hardy's extensive criminal history involving tax and fraud crimes, Hardy's actions with Mana Medical Clinic, Hardy's involvement with Royal Financial Solutions, and the third-party personal information found in Hardy's possession. The district court properly followed the requirements of 18 U.S.C. § 3583(e)(2) and did not err in modifying Hardy's supervised release conditions to include these employment-related conditions.

**AFFIRMED**