**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50052 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04272-LAB-1 |
| v. | |
| ALBERTO SILVA-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted April 2, 2020[**]
Pasadena, California

Before: CALLAHAN and LEE, Circuit Judges, and LYNN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States Chief District Judge for the Northern District of Texas, sitting by designation.

Alberto Silva-Garcia pleaded guilty to attempted reentry of a removed alien, a violation of 8 U.S.C. §§ 1326(a) and (b). Silva-Garcia appeals the district court's denial of a fast-track reduction and imposition of supervised release conditions. We have jurisdiction under 28 U.S.C. § 1291 and review the sentence under an abuse of discretion standard.[1] *See Gall v. United States*, 552 U.S. 38, 51 (2007).

## A. We Affirm Silva-Garcia's Sentence

The district court did not deny a fast-track reduction based on the government's inconsistent application of fast-track reductions, but objectively considered the factors pursuant to 18 U.S.C. § 3553, enumerated reasons individual to Silva-Garcia, and correctly calculated Silva-Garcia's sentence under the Federal Sentencing Guidelines. *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 741–42 (9th Cir. 2009).

Furthermore, the district court did not abuse its discretion by not referencing Silva-Garcia's waiver of rights and the expeditious resolution of the case; instead, the district court considered all relevant factors. Because the district court retains "discretion to reject the parties' joint request for a four-level departure under § 5K3.1," the court acted within its discretion by rejecting the government's recommendation of a fast-track reduction. *United States v. Rosales-Gonzales*, 801

---

[1] Because the parties are familiar with the facts of this application, we do not discuss them at length here.

F.3d 1177, 1185 (9th Cir. 2015).

Moreover, the district court did not impose a sentence that was greater than necessary, because the district court properly weighed Silva-Garcia's prior criminal and immigration history, afforded both parties the opportunity to argue, explained its rejection of the government's recommendation, calculated the sentence according to the Federal Sentencing Guidelines (USSG § 5(A)), and considered the § 3553(a) factors (but declined to adopt a fast-track reduction). *Id.* at 1184.

### B. We Affirm Most of the Conditions of Supervised Release but Vacate Four Conditions

We decline to strike all of the standard and mandatory conditions because they are "deemed to be implicit" in the court's oral sentence, as well as the special condition in the judgment ("Not reenter the United States illegally") because it reflects the condition announced at the sentencing hearing ("don't reenter the United States illegally"). *United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006).

We hold that conditions one, two, six, and eight through eleven are not unconstitutionally vague or unreasonable because we have consistently recognized that "a term of supervised release remains intact after [a defendant's] deportation." *United States v. Ramirez-Sanchez,* 338 F.3d 977, 980 (9th Cir 2003) (citing *United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995)).

3

Also, we reject Silva-Garcia's objection to condition twelve, because a condition of supervised release "does not have to be related to the offense of . . . conviction because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant." *United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014) (citing *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010)).

Supervised release conditions four, five, and thirteen are vacated and remanded to the district court in accordance with *United States v. Evans*, 883 F.3d 1154, 1162–65 (9th Cir. 2018).[2] *See United States v. Ped*, 943 F.3d 427, 433 (9th Cir. 2019). Additionally, because the phrase "excessive use of alcohol" in condition seven is vague, we remand for the district court to clarify in accordance with the most updated Standard Supervised Release Conditions (USSG § 5D1.3). *See also United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015).

Finally, the phrase "follow the instructions of the probation officer" in condition three is amended to include "related to the conditions of supervision" pursuant to USSG § 5D1.3(c)(13). *See Ped*, 943 F.3d at 433 (granting this court authority to approve a narrow construction of supervised release conditions if they are "readily susceptible to a limiting construction").

---

[2] The government concedes that these conditions should be vacated in light of *Evans*.

4

Silva-Garcia's sentence is AFFIRMED, except for supervised release condition three, which is modified herein, and supervised release conditions four, five, seven, and thirteen, which are VACATED and REMANDED to the district court.