NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50253 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00477-PA-1 |
| v. | |
| JORGE DE LOS SANTOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 30, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Defendant Jorge De Los Santos pleaded guilty to possession of child pornography and was sentenced to forty-six months imprisonment and a lifetime term of supervised release. He completed his term of imprisonment and now seeks to modify a supervised release condition that restricts where he can reside.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

As part of his plea agreement, De Los Santos agreed to a supervised release term that prohibited him from "resid[ing] within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." Shortly before his sentencing hearing, the district court informed the parties that it was considering imposing a residency restriction prohibiting him from residing within 2,000 feet of such venues, rather than the direct view restriction they agreed on. Over De Los Santos's objection, the district court imposed the 2,000-foot restriction. De Los Santos appealed, and our court affirmed, concluding that the district court did not abuse its discretion by imposing the 2,000-foot restriction. *See United States v. De Los Santos*, 827 F. App'x 757, 758–59 (9th Cir. 2020).

Roughly a month after completing his term of imprisonment, De Los Santos filed a motion to modify the terms of his supervised release, asking the district court to change the 2,000-foot residency restriction to a direct view restriction. The district court denied the motion, and De Los Santos now appeals that decision. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and review for an abuse of discretion. *United States v. Bainbridge*, 746 F.3d 943, 946 (9th Cir. 2014). We affirm.

De Los Santos first claims that the district court abused its discretion by refusing to modify the 2,000-foot restriction. When considering a motion to modify

a supervised release condition under 18 U.S.C. § 3583(e)(2), a district court must consider relevant factors set forth in 18 U.S.C. § 3553(a). A supervised release condition must be reasonably related to the § 3553(a) factors, "involve[] no greater deprivation of liberty than is necessary," and be "consistent with the pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d); *see also United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). The district court applied the correct standard and did not abuse its discretion.

Relying on the particular facts of this case, the district court had a reasonable concern that De Los Santos should not reside at places where children would frequently walk by. De Los Santos admitted that he is attracted to children in public. He possessed a significant amount of child pornography, could not control his urges, and had a long history of viewing and collecting child pornography. And given the short period that he had been on supervised release, it was unclear how he would perform on supervised release and what might cause him to reoffend. The district court reasonably believed that an objectively measurable 2,000-foot restriction would better protect children and provide better guidance to De Los Santos regarding where he can live than would a direct view restriction.

Although the distance restriction makes housing harder to find, it does not infringe on De Los Santos's liberty more than reasonably necessary to accomplish the sentencing goals of deterrence, public safety, and rehabilitation. Considering the

particular circumstances of this case, the distance-based restriction is not substantively unreasonable. *See In re Taylor*, 60 Cal. 4th 1019, 1042 (2015); *United States v. Rudd*, 662 F.3d 1257, 1264–65 (9th Cir. 2011); *United States v. Collins*, 684 F.3d 873, 892 (9th Cir. 2012). Thus, the district court did not abuse its discretion when it determined that the 2,000-foot restriction should not be modified at this time.[1]

De Los Santos also claims that the district court committed procedural error.[2] Each of his arguments fail. First, the district court considered anew the § 3553(a) factors and whether the 2,000-foot restriction was substantively reasonable in light of existing caselaw and De Los Santos's particular circumstances. The district court did not plainly err or prejudice De Los Santos by referencing our court's previous decision. Second, it is not clear that De Los Santos had a right to allocution during his modification hearing, *see* Fed. R. Crim. P. 32.1(c), but even assuming he did, he was not prejudiced by not having the opportunity to speak. And third, the district court did not plainly err by relying on undisclosed factual information provided by the probation office. *See* Fed. R. Crim. P. 32.1(c).

---

[1] As for Carrasco's argument that the residency restriction is unconstitutional, "illegality of a condition of supervised release is not a proper ground for modification." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

[2] Because he failed to raise these challenges before the district court, we apply the plain error standard of review. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

Because De Los Santos has failed to establish that the district court abused its discretion or plainly erred when it denied his motion to modify his supervised release conditions, we

**AFFIRM.**[3]

---

[3] De Los Santos's motion asking this court to update the record and to take judicial notice is denied.