UNITED STATES of America,
Plaintiff–Appellee,

v.

Bernard GROSS, Defendant–Appellant.

No. 01–50033.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Filed Oct. 7, 2002.

David A. Katz, Katz & Associates, Beverly Hills, CA, for the defendant-appellant.

John S. Gordon, United States Attorney, Kendra S. McNally, Assistant United States Attorney and Sandra R. Klein, Special Assistant, United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before THOMPSON, Senior Circuit Judge, RAWLINSON, Circuit Judge, and SCHWARZER,* Senior District Judge.

## OPINION

SCHWARZER, Senior District Judge.

Bernard Gross appeals the district court's order granting in part and denying in part his motion to modify the conditions of his supervised release. Two questions are presented: (1) whether a district court has the statutory authority under 18 U.S.C. § 3583(e) to modify conditions of a defendant's supervised release based on a claim of illegality; and (2) whether a dis-

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

trict court has authority to modify supervised release conditions based on the parties' stipulation. We hold that the answer to both questions is no.

Gross was convicted, after a jury trial, of three counts of bankruptcy fraud. 18 U.S.C. § 152(3). His appeal from his conviction and sentence remains pending. The instant appeal is from the district court's order denying his motion for modification of the terms of supervised release. We have jurisdiction under 18 U.S.C. § 3742.

As a part of Gross's sentence, the district court imposed conditions of supervised release which, *inter alia*, restricted Gross from doing the following without prior approval from the probation officer: transferring assets valued in excess of $100, acquiring an interest in real estate, and engaging in any business involving real property sales or preparation and filing of bankruptcy petitions. In his motion for modification, Gross contended that the imposition of these conditions was unlawful. The district court held that under 18 U.S.C. § 3583(e)(2), it had authority to modify these conditions upon consideration of certain statutorily enumerated factors, but not the factor of illegality.

■ We agree. The relevant factors are referred to in § 3583(e)(2) and specified in § 3553(a). They include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines. Conspicuously absent from this list of relevant factors is illegality. Because Gross did not contend that modification would be supported by any of the § 3553(a) factors, the motion for modification was properly denied.

In *United States v. Miller*, 205 F.3d 1098 (9th Cir.2000), we recognized that a sentencing court must be able to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a). *Id.* at 1101 (citing *United States v. Lussier*, 104 F.3d 32, 35 (2d. Cir.1997)). In dicta, *Miller* acknowledged that *Lussier* and *United States v. Hatten*, 167 F.3d 884 (5th Cir.1999), hold " § 3583(e)(2) may not be used as a backdoor to challenge the legality of a sentence." *Miller*, 205 F.3d at 1101 n. 1.

■ We adopt the holding of our two sister circuits that illegality is not a proper ground for modification. *See Hatten*, 167 F.3d at 886 (district court lacked jurisdiction to modify defendant's restitution payment schedule solely on the ground that supervised release condition was illegal); *Lussier*, 104 F.3d at 34 ("The plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision").

Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion. It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition.

■ The district court nevertheless approved modification of certain provisions of the conditions based on agreement of counsel. The court had broad authority to approve modification of the conditions but only after "consider[ing] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)." 18 U.S.C. § 3583(e). It did not do so here. Accordingly, we will remand to enable the

district court to consider the statutory factors before approving the stipulated modifications. We therefore vacate the order and remand for further proceedings consistent with this disposition.

VACATED and REMANDED.