**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 13, 2005[*]
Decided September 13, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1348

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division |
| *v.* | |
| LARRY P. RAYMER, *Defendant-Appellant.* | No. NA 98-04-CR-01 |
| | Larry J. McKinney, *Chief Judge.* |

## O R D E R

Larry Raymer was convicted in 1998 of possessing firearms despite a felony conviction, 18 U.S.C. § 922(g), and was sentenced under the Armed Career Criminal Act, *id.* § 924(e), to 180 months' imprisonment and five years' supervised release. The court imposed two special conditions of supervised release: that Raymer participate in drug and alcohol testing, and that he submit to searches of his property for contraband, including drugs and weapons. Raymer litigated both a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

direct appeal and a collateral action under 28 U.S.C. § 2255, but he raised no argument about supervised release in either proceeding.

Now Raymer, who is still in prison, appeals the denial of a motion to modify his term of supervised release under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1. With that motion Raymer asked Chief Judge McKinney to shorten the term since Judge Dillin (now retired) did not explain at sentencing why he chose five years instead of a shorter term, and because Raymer believes that five years is unreasonably long relative to terms handed down by other courts for similar crimes. Raymer also requested that the two special conditions be removed because, he maintained, Judge Dillin failed to link them to the nature and circumstances of his gun offense. As a fallback position, Raymer argued that clarification is required because the oral and written pronouncements of these conditions conflict.

Raymer reasserts these same arguments here. Section 3583(e)(2) permits a district court to "modify, reduce, or enlarge the conditions of supervised release" under Rule 32.1 "at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). Although a motion is proper in cases of changed circumstances or an ambiguous condition, the statute and rule may not be used to challenge errors committed at sentencing. *See United States v. Nonahal*, 338 F.3d 668, 671 & n.1 (7th Cir. 2003); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 34–36 (2d Cir. 1997); *United States v. Kress*, 944 F.2d 155, 158 n.4 (3d Cir. 1991). Therefore, to the extent Raymer argued that Judge Dillin erred by imposing too long a term or conditions unrelated to his crime, his motion was a disguised request for collateral relief outside the scope of § 3583(e)(2). *See Gross*, 307 F.3d at 1044; *Lussier*, 104 F.3d at 35. Raymer's arguments are not, as the government contends, premature; they are too late: he should have raised them on direct appeal or in a Rule 35(c) motion. *See Gross*, 307 F.3d at 1044; *Lussier*, 104 F.3d at 35.

Even so, Raymer also sought clarification of the conditions of supervised release, which is a legitimate basis for a motion. The rule permits a defendant to move for "clarification of a term or condition of supervised release so that the defendant may have an opportunity to comply with the court's order without first having to violate it." *United States v. Lilly*, 206 F.3d 756, 762 (7th Cir. 2000); *accord United States v. Padilla*, 415 F.3d 211, 223 (1st Cir. 2005). Here, as Raymer maintains, Judge Dillin orally pronounced the first special condition by ordering him to submit to testing and treatment for "substance abuse," but clarified in writing that the program was for "drug and alcohol abuse." As for the second condition, the court said that Raymer's "person, vehicle, residence, and property" would be subject to search for "any contraband . . . including illegal drugs and weapons," but added in writing that Raymer's "office/business" would also be subject to search and that Raymer must "warn any other residents that the

premises may be subject to searches." Raymer thinks the oral and written statements don't match, and points to the rule that, when there is a discrepancy between the oral and written pronouncements, the oral pronouncement controls, *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005). But there is no discrepancy when "the written judgment is simply a more specific rendering of the pronouncement at the hearing," *United States v. Sines*, 303 F.3d 793, 799 (7th Cir. 2002), which is what happened here. After all, drug and alcohol abuse are forms of "substance abuse"; Raymer's business and office are his "property" or places where he would keep property; and warning others is a consistent way to implement the search condition.

AFFIRMED.