
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL M. DAVIS,

Defendant - Appellant.

No. 10-30298

D.C. No. 1:07-cr-00255-EJL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 11, 2011[**]
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

Daniel Davis appeals the district court's denial of his motion to withdraw his guilty plea. We dismiss Davis's appeal for lack of jurisdiction.

## I.

Davis waived the right to appeal any aspect of his conviction in the unambiguous terms of his plea agreement. *United States v. Jeronimo*, 398 F.3d 1149, 1152–53 (9th Cir. 2005). "We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *United States v. Rahman*, --- F.3d ----, 2011 WL 2619364 at *1 (9th Cir. July 5, 2011).

## II.

The district court correctly denied Davis's motion to withdraw his guilty plea as the product of coercion. After a review of the record and during a hearing on the motion, the court conducted "a more careful examination of the voluntariness of [Davis's] plea," because Davis alleged the government and his defense counsel threatened to have his family members prosecuted for obstruction of justice if he did not plead guilty. *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). The court learned, both from testimony and the parties' Statement of Uncontested Facts, that (1) the government never threatened to pursue charges

against Davis's family members, and (2) the government never seriously considered Davis's family members to be suspects of any crime.

The district court also credited Davis's sworn statements at the Rule 11 sentencing hearing—that his plea was voluntary—over his subsequent allegations of coercion. At that hearing and in his written plea agreement, Davis thrice affirmed that (1) "no person, directly or indirectly, threatened or coerced [him] to . . . plea[d] guilty," (2) he was not "threatened or forced or coerced in any way to sign the [plea agreement]," and (3) he was entering the plea "voluntarily and of [his] own free will" because he is, "in fact, guilty as charged." Davis's solemn statements "during [the] guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236–37 (9th Cir. 2008) (citation omitted).

In addition, the district court made credibility determinations casting doubt on the veracity of Davis's allegations and crediting the contrary testimony of Davis's counsel as "honest, forthright, and consistent." The court determined that Davis's coercion allegations "presented nothing more than his own self-serving testimony that is uncorroborated and inconsistent with the record." The court also (1) took notice of Davis's "manipulative" dual personalities, apparently concocted to deceive the court into believing Davis was incompetent; (2) noted Davis's

3

"pattern of filing *pro se* motions shortly before hearings" to stall and unwind the proceedings; and (3) concluded that Davis's "testimony and allegations generally were lacking credibility because his appearances and conduct in court were unconvincing as to his truthfulness." We accord these credibility determinations great deference on appeal. *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

For these reasons, we conclude Davis's guilty plea and waiver of appeal were made knowingly and voluntarily. *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

**DISMISSED.**