NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2012[*]
Decided July 30, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 11-3698 | |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-84-bbc-01 |
| REED J. ROGALA,<br>*Defendant-Appellant.* | Barbara B. Crabb,<br>*Judge.* |

**O R D E R**

Reed Rogala was convicted in 2009 of conspiracy to distribute marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1). Initially he was sentenced to 151 months in prison plus a $100,000 fine and a 5-year term of supervised release. The court specified that Rogala must pay $250 monthly toward his fine after his release from prison, and also made those payments a condition of supervised release. And the court imposed a special condition of supervised

---

[*]The United States is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

release that requires him to abstain from all use of alcohol. The following year, on the government's motion, the district court reduced the prison term to 78 months because of Rogala's substantial assistance, *see* 18 U.S.C. § 3553(e); FED. R. CRIM. P. 35(b), but the fine, payment schedule, and conditions of supervised release remained unchanged.

Rogala moved to modify the payment schedule and the special condition of supervised release requiring that he abstain from alcohol. He contended that he is unable to pay the fine. He also insisted that an alcohol ban is unreasonable because his drug crime was unrelated to alcohol use. In denying this motion, the district court reasoned that it lacked subject-matter jurisdiction to alter Rogala's fine. The court did not say that it also was powerless to revise the conditions of Rogala's supervised release; instead, the court mistakenly asserted that the alcohol restriction prohibits only "excessive use of alcohol," not all use of alcohol. Rogala moved to reconsider, which the district court denied, reiterating its previous explanation. The court also noted that, once Rogala begins serving his term of supervised release, his probation officer may decide whether to seek modification of the payment schedule or the alcohol restriction.

District courts have limited jurisdiction to alter a sentence, once imposed. *See United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008); *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). A court may not change supervised-release conditions on the ground that they were illegal when imposed. *See, e.g., United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999). But a court may modify the conditions of a defendant's supervised release, to better serve the factors in 18 U.S.C. § 3553(a), "at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2); *United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001). And though a court's jurisdiction to alter the amount of a fine is limited, *see* 18 U.S.C. § 3572(c), in some circumstances the payment schedule may be modified whether or not a condition of supervised release. *See* 18 U.S.C. §§ 3572(d)(3), 3583(e)(2); *United States v. Lilly*, 206 F.3d 756, 761–63 (7th Cir. 2000). Accordingly, to the extent that Rogala requested modification of the requirements that he make minimum monthly payments toward his fine and abstain from alcohol, the district court has jurisdiction to entertain his requests and does not have to wait until Rogala begins supervised release. We remand so that the court may consider the merits of modifying Rogala's payment schedule and the alcohol restriction.

VACATED and REMANDED.