**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50309 |
| Plaintiff-Appellee, | D.C.No. 2:11-cr-01103-GHK-1 |
| v. | MEMORANDUM[*] |
| MARCO ANTONIO SANCHEZ-MARTINEZ | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted August 5, 2013[**]
Pasadena, California

Before:     SILVERMAN and WARDLAW, Circuit Judges, and
            CEDARBAUM,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]     The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the Southern District of New York, sitting by designation.

1

Marco Antonio Sanchez-Martinez appeals from the district court's rejection of his plea agreement with the United States as well as the sentence imposed by the court. For the reasons that follow, we affirm.

Sanchez-Martinez's primary objection is to the district court's use of a spreadsheet of the sentences it had imposed in past cases, which it did not provide to counsel. Sanchez-Martinez claims that the use of this spreadsheet in rejecting his plea agreement violated Federal Rule of Criminal Procedure 11(c), that its use in his sentencing violated Federal Rule of Criminal Procedure 32 and was procedurally unreasonable, and that its use in both instances violated due process.[1] Since Sanchez-Martinez never objected to the court's use of the spreadsheet (if anything, his counsel assented to its use) and never asked to be provided the spreadsheet, we review his appeal for plain error. See United States v. Vonn, 535 U.S. 55, 62-63, 122 S. Ct. 1043, 1048, 152 L. Ed. 2d 90 (2002); United States v. Diaz-Ramirez, 646 F.3d 653, 656 (9th Cir. 2011) cert. denied, 133 S. Ct. 101, 184

---

[1] The United States asserts that Sanchez-Martinez waived the right to raise a Rule 32 argument by not including it in his opening brief. However, we may treat arguments grounded in the reasonableness of a sentence or the Due Process Clause as raising Rule 32 concerns. United States v. Warr, 530 F.3d 1152, 1162 (9th Cir. 2008); United States v. Gonzales, 765 F.2d 1393, 1396, 1398 (9th Cir. 1985). The United States also asserts that Sanchez-Martinez waived the right to challenge his sentence at all by seeking a sentence of 57 months – the sentence he ultimately received – at his sentencing hearing. Counsel sought that sentence only after the court stated that it intended to impose a higher sentence than the plea agreement envisioned. Such behavior does not amount to a waiver.

2

L. Ed. 2d 47 (2012). Sanchez-Martinez also challenges the substantive reasonableness of his sentence, which is reviewed for abuse of discretion. United States v. Autery, 555 F.3d 864, 871 (9th Cir. 2009).

In arguing that the court violated Rule 11, Sanchez-Martinez cites precedent holding that a court must "provide individualized reasons for rejecting the [plea] agreement, based on the specific facts and circumstances presented"; it may not engage in a categorical rejection of sentence bargaining. In re Morgan, 506 F.3d 705, 711-12 (9th Cir. 2007). Morgan is inapposite. In rejecting Sanchez-Martinez's plea agreement, the court thoroughly detailed a number of individualized reasons for rejecting the agreement, and simply used the spreadsheet to contextualize the specific facts and circumstances before it. There was nothing improper in doing so under either Rule 11 or the Due Process Clause. Sanchez-Martinez's citation to Gardner v. Florida, a case which has been construed as relating only to capital proceedings, is inapposite, especially in light of the fact that the district court did not rely on any undisclosed factual information about Sanchez-Martinez or his record. 430 U.S. 349, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977); O'Dell v. Netherland, 521 U.S. 151, 162, 117 S. Ct. 1969, 1976, 138 L. Ed. 2d 351 (1997).

Regarding the sentencing, nothing in our precedent suggests that a district

3

court commits plain error by considering what amounts to a catalog of comparison cases at a sentencing hearing, even where the defendant has not been provided with that catalog. The court simply relied on a formalized version of what all district judges rely upon: their experience of imposing sentences in past, relevant cases as an element in determining the fairness of the sentence for the individual defendant before them. This approach is encouraged by statute, which states that a judge should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The court did not err in using a memory aid to assist it in making this determination. Indeed, the use of the spreadsheet avoided the pitfalls of relying on one's memory, which can be faulty, alone.[2] Since Sanchez-Martinez's claim under Rule 32 fails, his related due process claim fails as well. See United States v. Baldrich, 471 F.3d 1110, 1113 (9th Cir. 2006).

Finally, the court's sentence was not substantively unreasonable. First, Sanchez-Martinez's sentence of 57 months was within the Guideline range, albeit on the higher end of that range. Although this court does not presume that a within-Guidelines sentence is reasonable and must instead consider the totality of

---

[2] Nor did the court commit any of the more familiar kinds of procedural error. Sanchez-Martinez does not challenge any of the court's Guidelines calculations and, in passing sentence, the court discussed every factor set out in 18 U.S.C. § 3553(a).

the circumstances in the case, it is "probable" that such a sentence is reasonable in an ordinary case. United States v. Carty, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (quoting Rita v. United States, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465, 168 L. Ed. 2d 203 (2007)). Considering the totality of the circumstances, the district court did not abuse its discretion. The district court reasonably determined that Sanchez-Martinez's previous history of deportations, and of criminal convictions following three of those deportations, warranted a higher sentence than the plea agreement had envisioned for a variety of reasons, including avoiding unwarranted sentence disparities. Consulting its own history of prior cases in making this determination was entirely proper.

**AFFIRMED.**