**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30210 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00418-JCC-1 |
| v. | |
| BRIAN ROBERT GILL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 9, 2014[**]
Seattle, Washington

Before: ALARCÓN, KLEINFELD, and MURGUIA, Circuit Judges.

Brian Gill appeals the district court's order continuing the terms of his

supervised release without modification. We have jurisdiction under 18 U.S.C.

§ 3742 and 28 U.S.C. § 1291 and affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gill challenges a condition of his supervised release that requires him to abide by all rules and lifestyle restrictions imposed by his therapist as part of his sexual-deviancy treatment program. He argues, as he did below, that this condition impermissibly delegates the district court's judicial authority to Gill's therapist.

Gill, however, raised this challenge for the first time in a memorandum asking the district court to modify the conditions of his supervised release. Congress has "limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) . . . [a] Rule 35(c) motion." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

A district court may not modify the conditions of a defendant's supervised release based on the defendant's claim that a certain condition is illegal. *Id.* Accordingly, the district court did not err in ordering Gill's supervised release to continue without modification.

AFFIRMED.