**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3169
_____

UNITED STATES OF AMERICA

v.

RUSSELL FRANKLIN,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-11-cr-00131-001)
District Judge: Hon. Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 17, 2015

Before: RENDELL, FUENTES, and BARRY, *Circuit Judges*

(Filed:  June 25, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*:

Russell Franklin was part of a three-man drug operation. William Powell was the leader, Franklin served as a "runner" who conducted hand-to-hand transactions, and Darin Burke acted as the "enforcer." Between February and April 2011, undercover agents and informants made three controlled purchases of heroin from Franklin. Following these buys, Franklin, Powell, and Burke were each charged with one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. All three eventually pleaded guilty before the same judge. Franklin, who had two prior state-court drug convictions, was designated a career offender. As a result, his Guidelines range was 151 to 188 months' imprisonment. The District Court granted a downward variance and imposed a sentence of 120 months in prison and three years of supervised release. Franklin argues on appeal that his sentence was procedurally and substantively unreasonable. For the following reasons, we affirm.[1]

First, Franklin contends that the District Court's determination of drug quantity was clearly erroneous. At his pre-sentencing hearing, a government agent testified that the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. For several issues on appeal, Franklin objected prior to, but not following, the District Court's imposition of his sentence. The parties dispute whether our review of those issues is for plain error or abuse of discretion in light of our decision in *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) (en banc). We need not resolve this disagreement because, either way, Franklin's arguments are without merit. We will therefore review those procedural and substantive challenges for abuse of discretion, because he was not aware of his need to re-assert his objections post-sentencing in order to avoid plain error review. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Where Franklin failed to object entirely at the sentencing hearing, we review for plain error. *United States v. Nappi*, 243 F.3d 758, 761 (3d Cir.

conspiracy was responsible for 400 to 700 grams of heroin. On cross-examination, however, the agent acknowledged that only 12 grams of heroin were purchased during the three-month window outlined in Franklin's indictment (February through April 2011)—much of the remaining drug weight was based on conduct that occurred prior to that timeframe. Notwithstanding this discrepancy, the District Court determined that Franklin was responsible for 400 to 700 grams. Franklin argues the District Court erred by faulting him for conduct that predated his entry into the conspiracy as detailed by the indictment.

The problem for Franklin, however, is that the drug quantity determination had no effect on his sentence because the District Court found, and Franklin concedes, he was subject to the career offender enhancement. The Guidelines dictate that when the offense level for a career offender is greater than the offense level otherwise applicable, the career offender level shall apply.[2] Without the enhancement, Franklin's base offense level for 400 to 700 grams of heroin is 28.[3] As a career offender, that level jumps to 32, which is the same regardless of drug quantity because it is determined by the statutory maximum sentence for the offense.[4] Accordingly, even if we agreed with Franklin that the District Court's calculation of drug quantity was wrong, any error was harmless because, once he was found to be a career offender, the Guidelines required application of the higher offense level.[5] Franklin admitted this point at his pre-sentencing hearing.[6]

---

2001).

[2] U.S. Sentencing Guidelines Manual § 4B1.1(b).

[3] *Id.* § 2D1.1(c).

[4] *Id.* § 4B1.1(b).

[5] *See, e.g.*, *United States v. Wiggins*, 747 F.3d 959, 963-64 (8th Cir. 2014).

Second, Franklin argues that, although he was "technically" a career offender, the District Court should not have sentenced him as one.[7] In his sentencing memorandum, he argued that the Guidelines did not intend to ensnare "retail level drug dealer[s]" such as himself within the reach of the career offender enhancement.[8] Franklin explained that he was just 26 years old; he spent a total of only six months in prison for his two predicate drug convictions; he had no violent criminal history; and he had a troubled upbringing. The District Court rejected this argument. On appeal, Franklin says the career offender label created unwarranted sentencing disparities in violation of 18 U.S.C. § 3553(a)(6).

We find that the District Court did not abuse its discretion. Franklin's concession that the District Court was authorized to sentence him as a career offender cuts strongly against his position. Moreover, the record reflects that the District Court meaningfully considered Franklin's arguments in its sentencing decision. Indeed, although it chose to designate him a career offender, the District Court appears to have found Franklin's arguments about the severity of the enhancement somewhat persuasive, for it imposed a sentence below the bottom of his Guidelines range. Franklin also has not demonstrated any unwarranted sentencing disparities "among defendants with similar records who have

---

[6] "[Government:] I don't believe that any of the objections affect the calculation of the offense level under the sentencing guidelines, as essentially the offense level for the offense is less than the career offender status. . . . [Court]: Do you agree with that correction? [Franklin's counsel]: Only if they're going to sentence him as a career offender." App. 84.
[7] App. 86.
[8] App. 61.

been found guilty of similar conduct."[9] As to his co-conspirators in particular, the disparities in sentence length were reasonable. Powell, the leader of the conspiracy, who was also a career offender, was sentenced to 151 months' imprisonment—31 more months than Franklin received.[10] Burke was sentenced to 70 months, but, as Franklin acknowledges, he was not a career offender.

Third, Franklin argues the District Court improperly considered a chart at sentencing that it had not previously disclosed to the parties. In explaining the reasons for its sentence, the District Court said, "I've also considered the chart that I maintain relating to two drug gang conspiracies, [for] which I've done approximately 35-plus sentencings."[11] It went on to state that Franklin's 120-month sentence was consistent with the sentences imposed in those other cases. By not disclosing this chart, Franklin argues, the District Court violated Federal Rule of Criminal Procedure 32(i)(1)(B), which requires courts to afford parties a "reasonable opportunity to comment" on information relied upon in sentencing. In support, Franklin cites our decision in *United States v. Nappi*, where we held that the trial court violated Rule 32 because it did not disclose a state-court presentence report that it discussed at sentencing.[12]

We will assume the District Court violated Rule 32 because, even so, Franklin

---

[9] *United States v. Parker*, 462 F.3d 273, 277 n.4 (3d Cir. 2006) (quoting 18 U.S.C. § 3553(a)(6)) (emphasis removed).
[10] Powell's sentence was later reduced to 84 months under Federal Rule of Criminal Procedure 35(b).
[11] App. 141.
[12] 243 F.3d at 768.

cannot prevail for the same reason the defendant in *Nappi* was ultimately unsuccessful.[13] As in that case, Franklin never objected to the District Court's use of the chart. His claim is thus subject to plain-error review, which means he must demonstrate prejudice.[14] The defendant in *Nappi* did not show prejudice because he was unable to explain either what he would have done differently had he known about the report or how the report actually impacted his sentence.[15] Similarly, Franklin has not offered any reason to suggest his sentence would have been different if he had the opportunity to review the chart prior to sentencing. In the alternative, Franklin urges us to presume prejudice when faced with these types of failure-to-disclose violations. However, we rejected that exact argument in *Nappi*.[16]

Finally, Franklin briefly suggests that his sentence was substantively unreasonable, relying on the same assertions we have already addressed in connection with his argument that the sentence was procedurally defective. Having found his sentence procedurally sound, however, we reject his substantive challenge because we cannot say that "no reasonable sentencing court would have imposed the same sentence" on Franklin.[17]

For all these reasons, we affirm the District Court's judgment.

---

[13] We note, however, that at least one court has found no Rule 32 violation when confronted with a sentencing court's failure to disclose a spreadsheet of past sentences. *See United States v. Sanchez-Martinez*, 537 F. App'x 693, 695 (9th Cir. 2013) ("The court simply relied on a formalized version of what all district judges rely upon: their experience of imposing sentences in past, relevant cases.").

[14] *See Nappi*, 243 F.3d at 760.

[15] *Id.* at 770-771.

[16] *Id.* at 770.

[17] *Tomko*, 562 F.3d at 568.