**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50131 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00607-PA |
| v. | |
| GREGORY BRYAN RUSH, a.k.a. Gregory B. Rush, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Gregory Bryan Rush appeals the district court's denial of his request to

modify a condition of his supervised release.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rush contends that the district court abused its discretion by denying the parties' joint request to modify his residency restriction, which prohibits him from residing within 2000 feet of certain places primarily used by children, to allow him to live in a transitional housing facility provided by the Volunteers of America. As an initial matter, we reject the government's contention that the district court lacked authority to modify Rush's residency restriction. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (a sentencing court may modify a condition of supervised release after consideration of the applicable 18 U.S.C. § 3553(a) sentencing factors). However, we conclude that the district court did not abuse its discretion by declining to do so. *See United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). The record shows that the court denied the request after carefully considering the location of the transitional housing facility, its close proximity to two elementary schools, the demographics of the surrounding neighborhood, the number of registered sex offenders living in the area, and Rush's prospects of being placed in an alternative transitional housing facility. Thus, we conclude that the court's denial of the requested modification involved no greater deprivation of liberty than reasonably necessary to protect the public and promote Rush's rehabilitation. *See* 18 U.S.C. § 3583(d).

**AFFIRMED.**