[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14805
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60028-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 23, 2017)

Before TJOFLAT, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Robert Jackson, proceeding pro se, appeals the district court's denial of his motion to modify several conditions of his supervised release pursuant to 18 U.S.C. § 3583(e)(2).  On appeal, Jackson argues that the district court abused its discretion in denying his motion to modify because it failed to provide adequate reasoning for the denial, and because it failed to consider the appropriate factors under 18 U.S.C. § 3553(a).  Jackson also argues that several of the conditions he sought to have modified or removed were substantively unreasonable or unconstitutional and were levied in a procedurally unreasonable manner.  Upon review of the record and the parties' briefs, we affirm.

I.

We have not yet addressed the standard of review for an appeal of the district court's order regarding a modification of supervised release, pursuant to § 3583(e)(2).  But we review an analogous statute—the denial of a motion to modify a condition of probation under 18 U.S.C. § 3563(c)—for abuse of discretion.  *United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014).  Because modifications of supervised release are similar to modifications of probation, we apply the same abuse of discretion standard here.  "We will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached."  *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (per curiam) (internal quotation marks omitted).

2

## II.

Jackson first argues that the district court abused its discretion in denying his motion to modify the conditions of his supervised release because it failed to consider the relevant § 3553(a) factors and it failed to adequately explain the denial.  A district court may modify the conditions of a term of supervised release after considering the factors set forth in § 3553(a).  *See* 18 U.S.C. § 3583(e)(2).  It is sufficient if the record shows that the district court considered the § 3553(a) factors, even if the court failed to explicitly mention them.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding that the district court necessarily considered the § 3553(a) factors by virtue of considering the defendant's objections and motion, regardless of the district court's failure to explicitly articulate that it had considered the § 3553(a) factors).

The district court did not abuse its discretion in denying Jackson's motion to modify the conditions of his supervised release.  Though the district court's short order makes no reference to the § 3553(a) factors, it was not required to state that it had explicitly considered them so long as the overall record reflected the court's consideration of the factors, which it did here.  *See Dorman*, 488 F.3d at 944.

## III.

Jackson also claims—for the first time on appeal—that the district court not only imposed unconstitutional and substantively unreasonable supervised release

3

conditions, but also that the district court imposed said conditions in a procedurally unreasonable manner.  We have not yet addressed whether a defendant may substantively challenge the legality of the conditions of his supervised release through a motion to modify under § 3583(e)(2).  However, the Second, Fifth, and Ninth Circuits have all held that § 3583(e)(2) may not be used in that way.  *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997) (holding that the plain language of § 3583(e)(2) indicates that illegality is not a proper ground for modification of a condition of supervised release); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999) (holding that the district court did not have jurisdiction to modify a condition of supervised release on illegality grounds); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (holding that illegality was not a proper ground for modification of a supervised release term).[1]

Because Jackson failed to challenge the legality of the conditions below, his argument is subject to plain error review, a standard that he cannot overcome.  *See United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015).  Regardless of whether we have jurisdiction to entertain Jackson's arguments regarding the reasonableness and legality of the conditions of his supervised release, in the form of a motion to modify under § 3583(e)(2), the district court did not plainly err

---

[1] As the Ninth Circuit recognized in *Gross*, Congress intentionally limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal; (2) § 2255 relief; and (3) a motion under Fed. R. Crim. P. 35(a) filed within 14 days of the district court's decision.  *Gross*, 307 F.3d at 1044.

because there is no precedent substantiating his arguments.  *See United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (per curiam) ("An error is not plain unless it is contrary to . . . on-point precedent").  Accordingly, we affirm the district court's denial of Jackson's motion to modify the conditions of his supervised release.

**AFFIRMED.**