**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-10294 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:13-cr-00035-RCJ-WGC-1 |
| THOMAS NELSON LUPOLD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 4, 2020[**]
San Francisco, California

Before:  SILER,[***] WARDLAW, and M. SMITH, Circuit Judges.

Thomas Nelson Lupold appeals a sentence imposing a term of imprisonment

and supervised release with certain special conditions for violating a condition of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

supervision.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part, and remand.

**1.** The district court's written judgment did not conflict with its oral imposition of sentence.  The district court stated at sentencing that Lupold would be subject to "the same [conditions] as in the original judgment but also the same as in the last revocation, including RRC [residential reentry center]."  The special conditions imposed in the written judgment included only those to which Lupold was subject under the original judgment and second revocation sentence.  Thus, Lupold and his counsel "could have anticipated [those conditions] from the court's statements at the sentencing hearing." *United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006).  To the extent the precise wording of the previously-imposed conditions varied between the original judgment and the second revocation sentence, the written judgment clarified any ambiguity in the oral pronouncement. *Id.*  To the extent Lupold argues that he and his counsel had no reason to expect the court to impose special conditions, "imposition of . . . mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release," *id.*, such that the district court's statements could only be read to refer to special conditions.  The court's explicit reference to the RRC condition confirms that such was the case here.  Accordingly, Lupold was not denied the right to be present at sentencing.

2

**2.**     The sentence of 10 months' imprisonment followed by 10 years of supervised release was not substantively unreasonable. *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). The 10-month sentence of imprisonment was within the guidelines range, and "a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). The 10 years of supervised release to follow likewise was not unreasonable when it and the time Lupold previously served on supervision together amount to less than the 20-year term he was to serve under his initial sentence. Considering the totality of the circumstances, a high-end guidelines sentence was not unreasonable where Lupold's supervised release had previously twice been revoked for violating conditions of supervised release, his previous sentences of four and eight months did not deter him from further violations, and his probation officer expressed significant doubt as to Lupold's ability and willingness to comply with his supervised release conditions. Those reasons sufficiently cover the § 3553 factors enumerated in 18 U.S.C. § 3583(e), and "[w]e may not reverse just because we think a different sentence is appropriate." *Id.* at 993.

**3.**     Lupold also challenges several special conditions of his supervised release. Although he was subject to these same conditions during previous terms of supervision and did not appeal them then, he did not waive any challenge to those

3

conditions. Once a term of supervision is revoked, "it has been annulled, and the conditions of that term do not remain in effect." *United States v. Wing*, 682 F.3d 861, 868 (9th Cir. 2012). Lupold's failure to challenge conditions that no longer remain in effect has no bearing on conditions imposed under a new sentence after a subsequent revocation. Thus, because Lupold did not raise these arguments before the district court, this case is one involving forfeiture, not waiver, and we conduct plain error review. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). Lupold challenges the legality of his conditions, which is not a proper ground for the district court to modify his sentence, so remand on that basis is not warranted. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

We conclude the district court plainly erred in imposing four conditions. The minor prohibition condition substantially infringes Lupold's fundamental right to associate with his minor child and "the district court did not comply with the enhanced procedural requirement applicable to [such provisions]." *United States v. Wolf Child*, 699 F.3d 1082, 1096 (9th Cir. 2012). The record does not reveal that Lupold poses a risk to his own child. Although the court initially imposed this restriction in 2017, it did not incorporate any findings from that hearing that would satisfy the requirements of *Wolf Child*. Accordingly, a limited remand, "to allow the district court to revise" the minor prohibition condition or make the requisite findings is appropriate. *Id.*

4

The pornography prohibition condition is not overbroad, *United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008), but it is vague as to the phrase "that would compromise your sex offense-specific treatment." Because people "of common intelligence must necessarily guess at its meaning" and may "differ as to its application," *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018), we vacate and remand to the district court to modify the condition.

The computer search and monitoring conditions are not vague or overbroad as to the devices to which those conditions apply. Any concern about vagueness or overbreadth is obviated by the limitation to searches only "when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation." To the extent any particular computing device is not capable of storing or accessing evidence of violations, no reasonable suspicion would exist to search them. Similarly, to be monitored, those devices would require the capacity to have monitoring software installed.

However, the computer search condition is vague and overbroad in that it requires Lupold to warn others who use "devices capable of accessing the Internet" that those devices may be subject to search. It is not clear whether the condition applies to devices, like smart thermostats, refrigerators, or faucets, that are capable of and do access the internet yet do not have the capacity to access prohibited

materials.  In addition, the condition is overbroad to the extent it requires Lupold to warn others that those types of devices are subject to search.  Similarly, the computer monitoring condition is overbroad in that it requires Lupold to allow installation of monitoring software on any computer he uses, even if he does not own it and has no authority to permit or deny such installation.  Thus, we vacate the computer search and monitoring conditions and remand to the district court to modify them in accordance with this memorandum.

We conclude that the district court did not plainly err in imposing the search and seizure, risk notification, and polygraph testing conditions.  *See id.* at 1164; *United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017); *see also United States v. Hovious*, 787 F. App'x 377, 381 (9th Cir. 2019); *United States v. Witzke*, 748 F. App'x 138, 140 (9th Cir. 2019).

We **AFFIRM** the sentence imposed and the search and seizure, risk notification, and polygraph testing conditions.  We **VACATE** the minor association, pornography prohibition, and computer search and monitoring conditions and **REMAND** to the district court.