NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30095 |
| Plaintiff-Appellee, | D.C. No. 1:07-cr-00255-EJL-1 |
| v. | |
| DANIEL M. DAVIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 7, 2020**
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,*** District Judge.

Daniel Davis pleaded guilty to one count of possession of sexually explicit

images of a minor in violation of 18 U.S.C. § 2252(a)(4) and was sentenced to 168

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

months in prison to be followed by a lifetime term of supervised release. Davis subsequently filed a motion in the district court under Federal Rule of Criminal Procedure 41(g), seeking the return of certain property seized during the investigation. After the conviction and sentence were affirmed on appeal, *United States v. Davis*, 445 F. App'x 997, 997–78 (9th Cir. 2011), the district court denied the Rule 41(g) motion. On appeal from that order, we affirmed in part, concluding that the court properly denied the request for money damages for property that had been destroyed, but remanded for the district court to determine the status of a computer and monitor. *United States v. Davis*, 749 F. App'x 618, 619 (9th Cir. 2019).

On remand, the government stated that those items had also been destroyed, and the district court again denied the Rule 41(g) motion. It also denied Davis' motion to modify special conditions of supervised release. We have jurisdiction of Davis' appeal under 28 U.S.C. § 1291 and affirm.[1]

1.    The district court did not err in refusing to modify two special conditions of supervised release.[2] The court reasonably found Special Condition 7,

---

[1]    Because we can consider our prior decisions without taking judicial notice, we **deny** the government's motion for judicial notice of those decisions.

[2]    To the extent Davis argues either condition is unconstitutional, the district court lacked authority to address the argument because it was not made on direct appeal, in a habeas petition, or through a timely Rule 35(c) motion. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

which restricts Davis's access to sexually explicit material involving minors, necessary to Davis's rehabilitation and the protection of the public. *See United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998); *see also United States v. Gnirke*, 775 F.3d 1155, 1166–67 (9th Cir. 2015) (approving a substantially similar condition).

The district court also did not err in declining to modify Special Condition 5, which restricts contacts with minor children, to allow Davis to move to a residence within 100 yards of a youth service program. Housing at that program location serves minors and minors congregate around the building. Even if the minors in the youth service program would be supervised, Special Condition 5 also reasonably related to Davis's rehabilitation and the protection of the public. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008).

2.     The district court did not err in denying Davis's Rule 41(g) motion with respect to the destroyed computer and monitor. Davis was not entitled to compensation for the destroyed property, because "an award of money damages against the government under Rule 41(g) is barred by sovereign immunity." *Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012).

**AFFIRMED.**

3