NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50290 |
| Plaintiff-Appellee, | D.C. Nos. 2:20-cr-00424-PA-1 |
| v. | 2:20-cr-00424-PA |
| ALBERT CARRASCO, AKA DL, AKA Maxpower2330, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 30, 2023**
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Defendant Albert Carrasco pleaded guilty to possession of child pornography and was sentenced to forty months imprisonment and a twenty-year term of supervised release. He appeals a supervised release condition that restricts where he

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

can reside.

As part of his plea agreement, Carrasco agreed to a supervised release term that prohibited him from "resid[ing] within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." Before his sentencing hearing, the district court informed the parties that it was considering imposing a residency restriction prohibiting him from residing within 2,000 feet of such venues rather than the direct view restriction they agreed on. At the sentencing hearing, over Carrasco's written and oral objection, the district court imposed a 1,500-foot restriction. Carrasco now appeals, challenging the imposition of the 1,500-foot restriction.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and review for an abuse of discretion. *United States v. Bainbridge*, 746 F.3d 943, 946 (9th Cir. 2014). We affirm.

Carrasco first claims that the district court abused its discretion by imposing the 1,500-foot restriction. When imposing a supervised release condition, a district court must consider relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(c). A supervised release condition must be reasonably related to the § 3553(a) factors, "involve[] no greater deprivation of liberty than is necessary," and be "consistent with the pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d); *see also United States v. Wolf Child*, 699 F.3d

1082, 1090 (9th Cir. 2012). Under these standards, the district court did not abuse its discretion by imposing a 1,500-foot restriction.

The district court explained that the residency restriction is reasonably related to the nature and circumstances of Carrasco's offense. He both possessed child pornography and was willing to make it available to others. His conduct was at a point where he was unable to control his collection of images and kept it with him throughout the day on his cellphone. He failed to take full responsibility for his conduct. And he repeatedly committed pretrial release violations, demonstrating poor adjustment to release. Further, at the time of sentencing, it was not clear what triggers Carrasco's behavior, and the district court was reasonably concerned that "the daily presence of school-aged children near a residence might cause [him] to reoffend by watching child pornography." *See United States v. De Los Santos*, 827 F. App'x 757, 758 (9th Cir. 2020). In light of all these specific concerns, the district court concluded that a direct view restriction would not adequately protect children.

The district court did not abuse its discretion when it determined that a 1,500-foot restriction is reasonably related to the § 3353(a) factors and the goals of deterrence, public safety, and rehabilitation, and is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various [sentencing] factors in a particular case is for the discretion of the district court.").

And although the distance restriction makes housing harder to find, it does not infringe on Carrasco's liberty more than reasonably necessary to accomplish the sentencing goals of deterrence, public safety, and rehabilitation. Considering his particular circumstances, the distance-based restriction is substantively reasonable. *See In re Taylor*, 60 Cal. 4th 1019, 1042 (2015); *United States v. Rudd*, 662 F.3d 1257, 1264–65 (9th Cir. 2011); *United States v. Collins*, 684 F.3d 873, 892 (9th Cir. 2012).[1]

Carrasco also claims that the district court committed procedural error.[2] Each of his arguments fail. The district court did not plainly err by relying on its experience in similar cases to reject Carrasco's unsupported argument that the restriction would make it difficult for him to find housing. *See United States v. Sanchez-Martinez*, 537 F. App'x 693, 695 (9th Cir. 2013). Nor did the district court plainly err by shifting the burden to prove that the restriction was unreasonable. Although some caselaw supports his concerns, *see, e.g.*, *In re Taylor*, 60 Cal. 4th at 1041–42, the district court was not required to accept Carrasco's claim given its experience with similar cases. Moreover, even assuming the district court erred, it

[1] As for Carrasco's argument that the residency restriction is unconstitutional, "illegality of a condition of supervised release is not a proper ground for modification." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

[2] Because he failed to raise these challenges before the district court, we apply the plain error standard of review. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

4

did not prejudice Carrasco; the district court had ample reasons on the record before it to apply the 1,500-foot restriction, which was supported by Carrasco's particular circumstances and furthered the sentencing goals of deterrence, public safety, and rehabilitation.

Because the district court did not abuse its discretion or plainly err by imposing a 1,500-foot residency restriction, we

**AFFIRM.**[3]

---

[3] Carrasco's motion to file a supplemental brief is denied as moot.