**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5821 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00425-MCS-1 |
| v. | |
| SHAHRAM HOSSEINIAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted December 1, 2025**
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Defendant Shahram Hosseinian appeals from his sentence for distribution of child pornography. First, he argues that the government breached their plea agreement by failing to explicitly recommend a "low-end guideline sentence" at

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the sentencing hearing. Second, he argues that a supervised release condition that will require him to pay for a computer-monitoring program, regardless of his ability to pay, violates due process. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm in part and vacate and remand in part.

Because Hosseinian did not object to the government's requested sentence at the sentencing hearing, we review the alleged breach of the plea agreement for plain error. *See United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc). Additionally, we review the imposition of Condition 23 for plain error, as Hosseinian did not object to it before the district court. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). Under the plain error standard, relief is justified where "there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021) (internal quotation marks and citation omitted).

1. Considering "the totality of circumstances and . . . the sequencing, severity, and purpose of the [government's] statements," the government did not breach the plea agreement. *Farias-Contreras*, 104 F.4th at 31. Although the government "must comply with the letter and spirit of the plea agreement," prosecutors "need not invoke magic words—such as reiterating the government's

recommendation for a low-end sentence—each time he or she argues against mitigation or answers the court's questions." *Id*.

The prosecutor's oral statement responded to Hosseinian's lengthy argument for a sentence of 60 months' imprisonment, which is significantly below the guideline range of 188 to 235 months' imprisonment. The government responded to that argument in "good faith" and without using "inflammatory rhetoric," identifying several reasons why on the facts of this case a guidelines sentence was appropriate. *Id*. at 29, 31. The oral statement incorporated by reference the government's written sentencing memorandum, which recommended a low-end guideline sentence. The phrase "[a]s stated in the papers" appeared at the beginning of her remarks, and she concluded by requesting "a guideline sentence as requested in the papers." Considering the totality of the circumstances, the government's statement did not breach the plea agreement.

Because the government's failure to explicitly request a low-end guideline sentence at the hearing was not error, we need not reach the other elements of the plain error standard.

2. Condition 23 is constitutional only if it is subject to Hosseinian's ability to pay. This is because the condition could unlawfully permit the revocation of Hosseinian's supervised release solely for his non-willful failure to pay for the computer-monitoring program. *Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983)

3                                                    24-5821

(holding that imprisoning a probationer for failure to pay without inquiring into his ability to pay violated the Fourteenth Amendment).

Furthermore, the speculative nature of Hosseinian's indigency upon his release in May 2040 does not bar his challenge. Hosseinian would not be able to seek a modification to Condition 23 through 18 U.S.C. § 3538(e) on the grounds of the condition's unconstitutionality. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). And "[w]e do not require the violation of a specified supervised release condition before permitting appellate review." *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006).

3. We **AFFIRM** Hosseinian's sentence because the government's comments at the sentencing hearing did not constitute a breach of the plea agreement. We **VACATE AND REMAND** Supervised Release Condition 23, with instructions for the district court to add the following sentence to the condition: "If the defendant has no ability to pay, no payment shall be required."

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**